## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
Criminal No. 13-00273 (SRN/FLN)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| **MORAN OZ (2);** ) | |
| **BABUBHAI PATEL (3);** ) | |
| **ELIAS KARKALAS (8);** ) | |
| **PRABHAKARA RAO TUMPATI (9);** | |
| | |
| **Defendants.** | |

---

Jacqueline Blaesi-Freed, Linda I. Marks, U.S. Department of Justice, Consumer Protection Branch, 450 5th St. NW, Ste. 6400, Washington, DC 20001, and Roger J. Gural, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, DC 20044, for the United States of America.

Joseph S. Friedberg, 701 4th Ave. S., Ste. 300, Minneapolis, MN 55415, and Robert D. Richman, P.O. Box 16643, St. Louis Park, MN 55416, for Defendant Moran Oz.

Brian N. Toder, Chestnut Cambronne, PA, 17 Washington Ave N., Ste. 300, Minneapolis, MN 55401, for Defendant Babubhai Patel.

Daniel L. Gerdts, 247 Third Ave. S., Minneapolis, MN 55415, John C. Brink, 310 4th Ave. S., Ste. 1008, Minneapolis, MN 55415, for Defendant Elias Karkalas.

James E. Ostgard, Ostgard Law Office, P.O. Box 582536, Minneapolis, MN 55458, Paul Daniel Schneck, Paul Daniel Schneck, LTD, 222 South 9th St., Ste. 1600, Minneapolis, MN 55402, for Defendant Prabhakara Rao Tumpati.

---

SUSAN RICHARD NELSON, United States District Judge

The Court received a letter from Alan Feuer, a reporter for the *New York Times*. (See Letter dated March 31, 2016 ("NYT Letter") [Doc. No. 529].) Mr. Feuer asks that

the Court unseal various documents in this case, or "that the parties be required to demonstrate why continued sealing remains justified." (See id.)

The First Amendment affords the public and members of the press a right to access certain pre-trial proceedings and documents in criminal cases. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 572 (8th Cir. 1988). However, this is a qualified right. See id. at 574. "Proceedings may be closed and, by analogy, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (quoting Matter of New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). If a district court decides to seal certain documents, it must state why "sealing was necessary and why less restrictive alternatives were not appropriate." Id.

At the request of the parties, the Court sealed certain documents in this case. (See, e.g., Doc. Nos. 152, 223, 224, 246, 247, 250, 401, 402, 404, 434, 439, 446, 451, 467, 471, 476, 478, 483, 488, 489, 495.) The question raised by Mr. Feuer is whether the reasons that originally warranted sealing those documents still exist. Before the Court can answer this question, it must have input from the parties.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Government shall, with seven days of the date of this Order, file a brief of no more than five pages describing its position on whether documents sealed in this case should remain sealed and why; and

2. Within seven days of the Government filing its brief, any Defendant who wishes to be heard on the issue of whether these documents should remain

under seal shall file a brief of no more than five pages describing his/her position on the subject.

Dated: May 6, 2016                             s/ Susan Richard Nelson
                                                                             SUSAN RICHARD NELSON
                                                                             United States District Judge