UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-00273 (SRN/FLN)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **MORAN OZ (2);** ) | **ORDER** |
| **BABUBHAI PATEL (3);** ) | |
| **LACHLAN SCOTT MCCONNELL** ) | |
| **(6);** ) | |
| **ELIAS KARKALAS (8);** ) | |
| **PRABHAKARA RAO TUMPATI (9);** ) | |
| ) | |
| **Defendants.** ) | |

Jacqueline Blaesi-Freed, Linda I. Marks, U.S. Department of Justice, Consumer Protection Branch, 450 5th St. NW, Ste. 6400, Washington, DC 20001, and Roger J. Gural, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, DC 20044, for the United States of America.

Joseph S. Friedberg, Joseph S. Friedberg, Chartered, 701 4th Ave. S., Ste. 300, Minneapolis, MN 55415, Robert D. Richman, P.O. Box 16643, St. Louis Park, MN 55416, for Defendant Moran Oz.

JaneAnne Murray, Murray Law LLC, 310 South Fourth Ave., Ste. 5010, Minneapolis, MN 55415 for Defendant Babubhai Patel.

Marie Celine Pacyga and Ryan M. Pacyga, Pacyga and Associates, PA, 222 South Seventh St., Ste. 2850, Minneapolis, MN 55402, for Defendant Lachlan Scott McConnell.

Daniel L. Gerdts, 247 Third Ave. S., Minneapolis, MN 55415, John C. Brink, 310 4th Ave. S., Ste. 1008, Minneapolis, MN 55415, for Defendant Elias Karkalas.

James E. Ostgard, Ostgard Law Office, P.O. Box 582536, Minneapolis, MN 55458, Paul Daniel Schneck, Paul Daniel Schneck, LTD, 222 South 9th St., Ste. 1600, Minneapolis, MN 55402, for Defendant Prabhakara Rao Tumpati.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Government's Motion in Limine to Admit Co-Conspirator Statements Offered by Government Against Defendants ("Gov't's Mot.") [Doc. No. 700]. For the reasons set forth below, the Government's Motion is denied without prejudice and otherwise deferred until trial.

The Government intends to introduce evidence at trial that contains the out-of-court statements of Defendants and other co-conspirators. (Gov't's Mot. at 1.) Precisely what the Government asks that the Court do related to this evidence—in advance of trial—is unclear. Initially, the Government requested that the Court find that "(1) a conspiracy existed, based upon both the statements of the co-conspirators and independent evidence; (2) the declarants were members of the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy." (Id. at 4–5.) In support of this request, the Government sought to make a "preliminary showing in accordance with FRE 104(a) that a conspiracy exists" by pointing to the guilty pleas and plea agreements of several alleged co-conspirators. (Id.) Based on this evidence, the Government argued that the Court "should find that a conspiracy existed such that the statements of co-conspirator [sic] are admissible when offered against defendants." (Id.) However, at the pretrial hearing, the Government clarified that it was merely making its intent to introduce co-conspirators' statements at trial known because the Court would

*eventually* have to make an admissibility ruling on those statements pursuant to Federal Rule of Evidence 801(d)(2)(E).[1]

Out-of-court statements made by a defendant's co-conspirator are not hearsay when offered against the defendant, so long as the statements were made "during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To admit such statements "[t]he government must prove by a preponderance of the evidence that: 1) the conspiracy existed; 2) the defendant and the declarant were members of the conspiracy; and 3) the statement was in furtherance of the conspiracy." United States v. Sturdivant, 513 F.3d 795, 802 (8th Cir. 2008).

As an initial matter, to the extent the Government asks that the Court find it has met its burden as to all three elements of the test just described, the Government's Motion is denied. The only evidence the Government points to are the pleas of other co-conspirators—none of which are yet part of the evidentiary record in this case. It is not presently clear even what statements the Government hopes to admit. Similarly, to the extent the Government asks that the Court find that a conspiracy existed based solely on these pleas, the Government's Motion is denied.

The Eighth Circuit offers guidance on the procedure a district court can employ to address Rule 801(d)(2)(E):

> If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court,

---

[1] Defendants did not file a response to the Government's Motion, but at the pretrial hearing did object to it on the basis that it was premature (i.e., that the Court could not, before trial and based on the pleas alone, conclude that the elements of Rule 801(d)(2)(E) were met and categorically admit the co-conspirator's statements).

3

> upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. The foregoing procedural steps should transpire out of the hearing of the jury.

United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978) (citations omitted). Other circuits employ procedures that assess the admissibility of co-conspirator statements before they are presented to the jury. See United States v. DuFriend, 691 F.2d 948, 951 (10th Cir. 1982) ("We also recommended that, whenever possible, the prosecution first introduce its independent proof of the conspiracy and the defendant's connection thereto before admitting hearsay declarations of co-conspirators."); United States v. Grassi, 616 F.2d 1295, 1300 (5th Cir. 1980) (requiring that district courts hold a hearing to determine the admissibility of out-of-court co-conspirator statements under Rule 801(d)(2)(E); United States v. Howard, 706 F.2d 267, 270–71 (8th Cir. 1983) (McMillian, J. concurring) (acknowledging the procedure in Bell, but strongly recommending that district courts hold "pre-trial hearings to determine the admissibility of a putative co-conspirator's hearsay declaration").

The Government, as the proponent of the co-conspirator statements, bears the burden of establishing their admissibility under Rule 801(d)(2)(E). According to Bell, the Government may have these statements conditionally admitted at trial, but risks them

being struck, having a limiting instruction imposed, or even a mistrial declared if it ultimately fails to meet its burden to show that the statements were made during and in furtherance of the conspiracy. Alternatively, the Government may request—before seeking to admit any of the co-conspirator's statements—a hearing wherein it offers evidence (or points to evidence already admitted) to satisfy its burden and the Court will makes the required Rule 801(d)(2)(E) ruling. However, on the current record, the Court is unable to make such a determination.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Government's Motion in Limine to Admit Co-Conspirator Statements Offered by Government Against Defendants [Doc. No. 700] is **DENIED WITHOUT PREJUDICE and otherwise deferred until trial**.


Dated: January 18, 2017         s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge