## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## Criminal No. 13-00273 (SRN/FLN)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MORAN OZ (2);** | ) | **ORDER** |
| **BABUBHAI PATEL (3);** | ) | |
| **LACHLAN SCOTT MCCONNELL (6);** | ) | |
| **ELIAS KARKALAS (8);** | ) | |
| **PRABHAKARA RAO TUMPATI (9);** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Jacqueline Blaesi-Freed, Linda I. Marks, U.S. Department of Justice, Consumer Protection Branch, 450 5th St. NW, Ste. 6400, Washington, DC 20001, and Roger J. Gural, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, DC 20044, for the United States of America.

Joseph S. Friedberg, Joseph S. Friedberg, Chartered, 701 4th Ave. S., Ste. 300, Minneapolis, MN 55415, Robert D. Richman, P.O. Box 16643, St. Louis Park, MN 55416, for Defendant Moran Oz.

JaneAnne Murray, Murray Law LLC, 310 South Fourth Ave., Ste. 5010, Minneapolis, MN 55415 for Defendant Babubhai Patel.

Marie Celine Pacyga and Ryan M. Pacyga, Pacyga and Associates, PA, 333 South Seventh St., Ste. 2850, Minneapolis, MN 55402, for Defendant Lachlan Scott McConnell.

Daniel L. Gerdts, 247 Third Ave. S., Minneapolis, MN 55415, John C. Brink, 310 4th Ave. S., Ste. 1008, Minneapolis, MN 55415, for Defendant Elias Karkalas.

James E. Ostgard, Ostgard Law Office, P.O. Box 582536, Minneapolis, MN 55458, Paul Daniel Schneck, Paul Daniel Schneck, LTD, 222 South 9th St., Ste. 1600, Minneapolis, MN 55402, for Defendant Prabhakara Rao Tumpati.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Government's Proposed Redacted Indictment ("Proposed Indict.") [Doc. No. 771] and Defendants' Motion to Redact Indictment To Go To Jury ("Defs.' Mot. to Redact") [Doc. No. 776]. For the reasons set forth below, the Court defers ruling on what version, if any, of the Proposed Indictment will go to the jury.

## I. BACKGROUND

Defendants are charged with a variety of crimes related to their alleged involvement with an online pharmacy, RX Limited. (See Indict. [Doc. No. 5].) These five Defendants face over sixty individual counts that involve the Food, Drug, and Cosmetic Act ("FDCA"), the Controlled Substances Act ("CSA"), mail and wire fraud, conspiracy charges related to these statutes, and conspiracy to launder money. (See Indict.; Proposed Indict.) However, not every Defendant is charged with each count, nor even each category of crime. (See Indict.; Proposed Indict.) The number of Defendants, the number and variety of counts, and the fact that trial is anticipated to take more than six weeks, makes this case more complex than many others.

The Government originally filed a motion in which it proposed removing information about Defendants who are not part of this trial, eliminating reference to counts which were previously dismissed, and correcting certain typos in the Indictment. (See Doc. No. 704.) The Government asked that this "clean" or "streamlined" indictment

be provided to the jury.  (See id. at 1, 3.)  Defendants objected to any version of the Indictment going to the jury.  (See Doc. No. 727.)

At the pretrial conference, the Court granted the Government's motion in part, ordered that the parties meet and confer about the content of a streamlined indictment, directed that the Government submit a proposed streamlined indictment, and gave Defendants the opportunity to object to its content.  (See Court Minutes dated 1/10/2017 ("Court Minutes") at ¶ 6 [Doc. No. 767].)  The Government dutifully filed the Proposed Indictment and Defendants filed their Motion to Redact, which included a redline version of the Proposed Indictment showing Defendants' suggested redactions.  (See Doc. Nos. 776, 776-1, 776-2.)  The Government filed a Response to Defendants' Motion to Redact Indictment ("Gov't's Resp.") [Doc. No. 782].

## II. DISCUSSION

It is within the discretion of a district court whether to provide the jury with a copy of the indictment.  United States v. Jorgensen, 144 F.3d 550, 563 (8th Cir. 1998); United States v. Prange, 771 F.3d 17, 31–32 (1st Cir. 2014); United States v. Giampino, 680 F.2d 898, 901 n.3 (2d Cir. 1982); see United States v. Roy, 473 F.3d 1232, 1237 n.2 (D.C. Cir. 2007).  Providing a jury with a copy of the indictment is the common practice of this Court and many others.  See Roy, 473 F.3d at 1237 n.2.  This is especially true in the case of complex trials involving numerous defendants and charges.  See United States v. Shellef, 732 F. Supp. 2d 42, 82 (E.D.N.Y. 2010) ("Given the number of counts in the indictment and the complex scheme with which defendant was charged, it was appropriate for the jury to have a copy of the Indictment in order to facilitate

deliberation."). Juries are warned that an indictment is not evidence and should not be considered as such. See Jorgensen, 144 F.3d at 563; Prange, 771 F.3d at 32; Model Crim. Jury Instr. 8th Cir. §§ 1.01 ("You should understand that an indictment is simply an accusation. It is not evidence of anything."), 3.08 ("The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence."). Moreover, "the 'better course' is for the trial court to redact the indictment 'if the government has not presented evidence supporting allegations in the indictment,'" before providing it to the jury. Jorgensen, 144 F.3d at 563 (quoting United States v. England, 966 F.2d 403, 408 (8th Cir. 1992)).

The Court cannot presently determine which portions of the Proposed Indictment, if any, will go to the jury. This will depend at least in part on what evidence is, or is not, admitted at trial. For instance, the Proposed Indictment makes repeated reference to the Verified Internet Pharmacy Practice Sites ("VIPPS") program. (Proposed Indict. at 4, 11–13, 15.) The parties dispute whether and for what purpose evidence related to VIPPS may be admitted. (See Doc. Nos. 708, 729.) The Court cannot make an admissibility ruling on this evidence until trial. (See Court Minutes at ¶ 8.) If this evidence were excluded, reference to it in the Proposed Indictment would be struck before giving the Proposed Indictment to the jury. See Jorgensen, 144 F.3d at 563. Thus, the Court will discuss the Proposed Indictment with the parties at the charging conference—after the parties rest—and rule on these issues then.

## III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Court **DEFERS** ruling on the Government's Proposed Indictment [Doc. No. 771] and Defendants' Motion to Redact Indictment To Go To Jury [Doc. No. 776] until the charging conference at trial.

2. Defendants' Opposition to Motion to Narrow Language of Indictment [Doc. No. 727] and the Government's Response in Opposition to the Proposed Indictment [Doc. No. 782] are **DENIED WITHOUT PREJUDICE** and the parties may raise their objections and arguments again at the charging conference.

Dated: January 30, 2017         s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge